# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH TRIER, individually and as Trustee of RANDOLPH TRIER LIVING TRUST DATED 12/20/00's,<br><br>Plaintiff,<br><br>vs.<br><br>DIRK & JEANNINE PERRISEAU as Trustees of PERRISEAU FAMILY TRUST DATED 2/9/99's, in personam,<br><br>Defendants. | Case No. 2:16-CV-8453-JFW (SHS)<br><br>**ORDER APPROVING THE PARTIES' STIPULATION FOR FINAL DISTRIBUTION OF FUNDS FROM THE PROCEEDS OF SALE OF THE VESSEL M/V VAMONOS AND DISMISSAL OF ALL CLAIMS AND COUNTERCLAIMS WITH PREJUDICE** |

This Court, having reviewed the "Stipulation for Final Distribution of Funds from the Proceeds of Sale of the Vessel M/V *Vamonos* and Dismissal of All Claims and Counterclaims with Prejudice" (the "Stipulation") filed by RANDOLPH TRIER, individually and as Trustee of RANDOLPH TRIER LIVING TRUST DATED 12/20/00's ("Plaintiff") and DIRK & JEANNINE PERRISEAU as Trustees of PERRISEAU FAMILY TRUST DATED 2/9/99's, in personam ("Defendants") (collectively the "Parties"), and having received notice of the partition sale of the M/V VAMONOS (the "Vessel"), hereby dismisses all of Plaintiff's claims against Defendants and all of Defendants' counterclaims against Plaintiff, and disposes of the proceeds from the partition sale in the following manner:

1.      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the sale of the Vessel to Defendants, DIRK & JEANNINE PERRISEAU as Trustees of PERRISEAU FAMILY TRUST DATED 2/9/99, "as is, where is", with no warranties, is formally confirmed;

2.      IT IS FURTHER ORDERED that the U.S. Marshal shall immediately proceed to deliver a Bill of Sale of the Vessel to Defendants, DIRK & JEANNINE PERRISEAU as Trustees of PERRISEAU FAMILY TRUST DATED 2/9/99, and the Vessel shall be conveyed to Defendants by the U.S. Marshal "as is, where is, free and clear of all liens, claims and encumbrances of whatever nature whatsoever";

3.      IT IS FURTHER ORDERED that except as otherwise expressly provided below, all fees and expenses incurred by the U.S. Marshal and/or the Substitute Custodian in complying with the Arrest Orders and/or the Sale Order shall be deemed valid *custodia legis* expenses;

4.      IT IS FURTHER ORDERED that the Clerk of the Court shall issue a check in the amount of $12,857.50, made payable to "Nielsen Beaumont Marine, Inc.", sourced from the funds on deposit with the Registry of the Court from the proceeds of the sale of the Vessel.  Such payment shall constitute full satisfaction of any unpaid Substitute Custodian's fees and expenses up to and including April 26, 2017;

5.      IT IS FURTHER ORDERED that once the check has been issued by the Clerk of the Court in accordance with Order No. 4 above, the Parties will split the remaining balance of $278,142.50, plus any accrued interest, between them in accordance with their respective ownership interests in the Vessel such that:

(a)     The Clerk of the Court shall issue a check in the amount of $185,428.33 (together with Plaintiff's 66.6% share of any accrued

interest), made payable to "Keesal, Young & Logan Trust Account", sourced from the funds on deposit with the Registry of the Court from the proceeds of the sale of the Vessel. This payment shall represent Plaintiff's 66.6% ownership interest in the Vessel; and

(b)  The Clerk of the Court shall issue a check in the amount of $92,714.17 (together with Defendants' 33.4% share of any accrued interest), made payable to "Cox Wootton Lerner Griffin & Hansen LLP Trust Account", sourced from the funds on deposit with the Registry of the Court from the proceeds of the sale of the Vessel. This payment shall represent Defendants' 33.4% ownership interest in the Vessel;

6.  IT IS FURTHER ORDERED that Defendants shall be solely responsible for paying any and all Substitute Custodian fees and expenses incurred between April 26, 2017 and the release of the Vessel to Defendants;

7.  IT IS FURTHER ORDERED that Defendants shall be solely responsible for paying the U.S. Marshal's commission due from the sale of the Vessel. Should the U.S. Marshal deduct their commission due from the sale of the Vessel from the deposit lodged by Plaintiff with the U.S. Marshal, Defendants shall immediately reimburse Plaintiff in full for any such commission so deducted by the U.S. Marshal;

8.  IT IS FURTHER ORDERED that Defendants shall reimburse Plaintiff the sum of $2,014.17, representing Defendants' 33.4% share of the Substitute Custodian's fees and expenses incurred and paid by Plaintiff for November and December 2016, within 7 days of the this order;

9.  IT IS FURTHER ORDERED that Defendants shall reimburse Plaintiff the sum of $865.87, representing Defendants' 33.4% share of the publication costs incurred and paid by Plaintiff for the advertisement of the partition sale in the *Los Angeles Daily Journal* within 7 days of the order;

10. IT IS FURTHER ORDERED that the Arrest Orders (being the Warrant Order, the Marshal Order, and the Custodian Order) are all immediately vacated;

11. IT IS FURTHER ORDERED that as the Marshal Order and Custodian Order are vacated, the United States, the U.S. Marshal, and the Substitute Custodian are all immediately relieved of all Vessel related responsibilities conferred by the Arrest Orders;

12. IT IS FURTHER ORDERED that the Vessel shall be immediately released to Defendants;

13. IT IS FURTHER ORDERED that pursuant to the Stipulation entered among the Parties in this action, Plaintiff's Action and Defendants' Counterclaims are hereby dismissed in their entirety, with prejudice, pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(ii);

14. IT IS FURTHER ORDERED that except as otherwise expressly provided by the above Orders, the Parties shall bear their own fees and costs.

SIGNED this 2nd day of May, 2017.

_____
HONORABLE JOHN F. WALTER
U.S. DISTRICT COURT JUDGE

**CC: USM**

KYL4850-3346-2599.3